**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARPREET SINGH-DHALIWAL, AKA Harpreet Singh-Dharwal, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   16-73178 <br><br> Agency No. A206-086-041 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2018
Seattle, Washington

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Harpreet Singh-Dhaliwal, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an

immigration judge's (IJ) decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture.  We have

jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition for review because

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

substantial evidence supports the agency's adverse credibility determination and the record does not compel the conclusion that Singh-Dhaliwal is entitled to relief. *See Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (adverse credibility determinations reviewed for substantial evidence).

**1.** Although he testified about it at length at his hearing, Singh-Dhaliwal failed to mention in his written asylum application that his father was murdered by Congress Party members on account of his support for the Shiromani Akali Dal (Amritsar) Party, led by Simranjit Singh Mann. Omissions regarding third parties may frequently be insufficient to support adverse credibility determinations, *see, e.g.*, *Lai v. Holder*, 773 F.3d 966, 973–74 (9th Cir. 2014), but in this case it was not unreasonable for the IJ and BIA to rely on the omission regarding Singh-Dhaliwal's father in finding that Singh-Dhaliwal lacked credibility. To begin with, the asylum application specifically asks if "you, *your family*, or close friends or colleagues" have experienced harm, mistreatment, or threats in the past. More importantly, the fact that Singh-Dhaliwal's father suffered the same fate that Singh-Dhaliwal fears for himself is more than a trivial or collateral detail. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016). Although the omission concerns a third party, it nonetheless represents a "dramatic, pivotal event" that Singh-Dhaliwal experienced and that is central to his claim of feared persecution. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).

Moreover, Singh-Dhaliwal's account indicates that his father's murder was closely linked to his own persecution, as he testified that his own attackers threatened to do to him what they had done to his father.

Singh-Dhaliwal's explanation for omitting this information from his asylum application was that he was afraid to include it. It was not unreasonable for the IJ to discredit that explanation given that Singh-Dhaliwal was not afraid to include information about the beatings he himself suffered, or to testify about his father's murder at his hearing. *See Silva-Pereira*, 827 F.3d at 1186 (rejecting a similar explanation).

Finally, because there was a basis for doubting Singh-Dhaliwal's credibility, the IJ and BIA could properly consider that the letters from Singh-Dhaliwal's mother and village elders did not corroborate his father's murder. *See Wang*, 861 F.3d at 1008–09; *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

**2.** Substantial evidence supports the BIA's determination that Singh-Dhaliwal's corroborating evidence was insufficient to independently satisfy his burden of proof. The letters and affidavits that Singh-Dhaliwal submitted, combined with the evidence regarding country conditions, do not on their own compel relief in this case.

**PETITION FOR REVIEW DENIED.**